**S. AMANDA MARSHALL, OSB #95347**
United States Attorney
District of Oregon
**JOHN C. LAING , OSB #82306**
John.Laing@usdoj.gov
**GEOFFREY BARROW**
Geoffrey.Barrow@usdoj.gov
Assistant United States Attorneys
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204
Telephone:  (503) 727-1000
Facsimile:  (503) 727-1117
      Attorneys for United States of America

IN THE UNITED STATES DISTRICT COURT<br>
FOR THE DISTRICT OF OREGON<br>
PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | NO. 11-CR-467-MO |
| v. | **GOVERNMENT'S MOTION FOR COMPLEX CASE DESIGNATION AND ORDER SETTING A SCHEDULING CONFERENCE** |
| **HUGO GONZALEZ-PASAYE, aka Gordo**<br>**ADRIAN GONZALEZ-PASAYE**<br>**DIEGO BERMUDEZ-ORTIZ**<br>**JOSE GARCIA-ZAMBRANO**<br>**RICKY LEE VALERO**<br>**EDWIN MAGANA-SOLIS, aka Meno,**<br>    **Roberto Lopez-Delgado**<br>**LINO MERCELO SILVA-MENDOZA, aka**<br>    **Guero**<br>**GREGORIO GUTIERREZ-MONTES, aka**<br>    **Goyo**<br>**MAURICIO CRUZ-GARCIA, aka**<br>    **Kalamako**<br><br>      **Defendants.** | |

      The United States of America, by and through S. Amanda Marshall, United States Attorney for the District of Oregon, Geoffrey A. Barrow and John C. Laing, Assistant United States Attorneys, moves the Court for a complex case designation pursuant to 18 U.S.C. §

**PAGE 1 - MOTION FOR COMPLEX CASE DESIGNATION AND ORDER SETTING NEW TRIAL DATE**

3161(h)(7)(B)(ii), and respectfully requests that the Court set a scheduling conference in order to schedule discovery, pretrial proceedings, and trial in this case.

A.  **Procedural Background**

The indictment in this case is the product of a multi-agency investigation targeting a large multi-state drug trafficking organization. The investigation began several years ago and eventually included court authorized wire and electronic surveillance over three cellular telephones. On November 29, 2011, a federal grand jury sitting in the District of Oregon returned a sealed indictment charging eleven defendants with conspiracy to possess and distribute controlled substances and unlawful use of communication facilities. The charges in the indictment carry a mandatory-minimum ten-year sentence.

From November 30 to December 14, 2011, nine defendants were arraigned. At their initial appearances, the government informed the court that it anticipated a five-day trial and trial was set for February 7, 2012. Two defendants remain fugitives.

B.  **Discovery**

Discovery will be an on-going process due to the complex nature of this case. The investigation includes wire and electronic surveillance which intercepted thousands of phone calls and text messages. While transcripts of numerous interceptions have been prepared and will be disclosed shortly, the parties will likely require additional transcripts that will have to be prepared. Discovery will also include materials gathered from twelve search warrants, outstanding grand jury subpoenas, state and federal law enforcement reports, voluminous data collected from pen registers and geolocation orders, and hundreds of hours of surveillance video.

Finally, the government's investigation is ongoing and will likely generate additional materials subject to disclosure.

By Friday, December 16, 2011, the government anticipates that it will be able to release more than 1000 pages of discovery, including all pleadings for pen register/trap and trace orders, geolocation orders, tracking warrants, wire and electronic interceptions, and search warrants. Shortly thereafter, all recordings of interceptions, linesheets, and available transcripts will be released to the defense. However, the government anticipates that an additional ninety days will be required to complete the initial discovery process and, due to the ongoing nature of the investigation, additional materials may be released as they are generated.

The government is committed to working with the defense to identify and resolve any discovery issues without involving the court. The government proposes that the parties meet in forty-five days to discuss the status of discovery. At that point, the parties will be in a better position to address any outstanding discovery issues.

**C.     Pretrial Motions**

The government suggests that a hearing date for pretrial motions should not be set until all pretrial motions have been filed. This would allow for the consolidation of all motions in a single hearing and the efficient resolution of those motions insofar as they present common issues arising from common facts. The government proposes a pretrial motions deadline no earlier than June of 2012.

**D.     Trial**

The government also seeks a new trial date, with excludable delay through the new trial date for purposes of the Speedy Trial Act. The government believes that a trial date set on or

after July 17, 2012, would provide sufficient time to prepare for trial following the resolution of pretrial motions.

E.     **Excludable Delay**

The government believes a schedule allowing more time for discovery, pretrial motions and trial preparation, as requested above, is necessary because of the complexity of the case, the scope and volume of investigative materials, the nature of the charges, and the need to adequately evaluate and prepare issues for pretrial proceedings and trial. The above circumstances warrant finding excludable delay under 18 U.S.C. §§ 3161(h)(7)(A). This motion is based on the following circumstances which also justify a finding allowing the requested excludable delay:

a.  This case now involves eleven defendants;

b.  The investigation included Title III wire and electronic surveillance involving three communications facilities over a period of two months, with thousands of intercepted communications, many of which will need to be transcribed;

c.  The indictment charges all eleven defendants with a conspiracy that began in February 2011 and continued through November 2012;

d.  The investigation involves witnesses, activities, and searches in Oregon, Washington and California;

e.  Defense preparation for pretrial proceedings and trial will require the review of a large volume of reports, audio files, video surveillance, and physical evidence;

    f.  Pretrial motions and potential discovery issues will include issues common to many, if not all, defendants; and

    g.  To the extent common issues arise, testimony and argument for pretrial hearings may be consolidated for all defendants.

  The government has contacted counsel representing eight of the nine defendants who have been arraigned in this case. Defendant Garcia-Zambrano was arraigned on December 14, 2011, but the Federal Public Defender's Office has not yet appointed him counsel. Seven of the eight attorneys concur with the government's motion for complex case designation and the extension of the discovery deadline. Counsel for defendant Adrian GONZALEZ-Pasaye objects to the proposed extension of the discovery deadline and is unwilling to consent to the complex case designation without further consultation with his client.

  The government requests that the Court declare this a complex case and make an express finding under 18 U.S.C. § 3161(h)(7)(B)(ii) that, based on the complexity of the case, the number of defendants, and the nature of the investigation as described herein, "the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant[s] in a speedy trial." The government requests that the deadline for completion of discovery be reset to March 13, 2012, and that trial be reset to on or after July 17, 2012.

  DATED this 15th day of December, 2011.

            Respectfully submitted,

            S. AMANDA MARSHALL
            United States Attorney

            *Geoffrey A. Barrow*
            GEOFFREY A. BARROW
            JOHN C. LAING
            Assistant United States Attorneys